IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,
aka SHAMVOY SMITH

                    Plaintiff,

      v.                               CASE NO. 11-3085-SAC

ARAMARK CORPORATION, et al.,

                    Defendants.

**O R D E R**

    Plaintiff is a Maryland prisoner seeking relief under 42 U.S.C. § 1983 on allegations related to his confinement in the Hutchinson Correctional Facility (HCF) in Kansas pursuant to an Interstate Corrections Compact. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon

which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  See *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present case, plaintiff seeks damages for gross negligence of Aramark Food Services and Rhonda Ford, the Aramark Food Service Administrator at HCF.  Plaintiff was injured in December 2010 when hot oatmeal bubbled into his eye while he was working in the HCF Central Unit food service department. Plaintiff acknowledges he received medical attention and treatment for a scalded eye, but claims Ford was aware the steam kettle's regulator's gauge needed repair and forced plaintiff to work with "subpar dangerous equipment." Plaintiff submitted a personal injury claim to HCF for damages for $50,000, but the unit team investigation of that claim reported that the cooking pots in the HCF kitchen received constant maintenance, that plaintiff received immediate care for his injury, that the injury did not result in or warrant plaintiff's removal from the kitchen work detail, and that adequate follow up care was provided.  HCF Policy and Public Information Officer Schneider returned plaintiff's institutional

2

claim because it exceeded the $500 limit on claims that may be submitted to the facility or to the Secretary of Corrections. Plaintiff states he thereafter filed grievances to no avail.

The court first finds plaintiff's claim for damages under § 1983 against Aramark Corporation is subject to being summarily dismissed absent allegations of an Aramark corporate policy that was the "moving force" behind plaintiff's injury. Aramark cannot be held vicariously liable for the alleged constitutional torts of its employees. See *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978(stating requisites for municipal liability); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(cataloguing circuit court cases applying requisites in *Monell* to § 1983 claims against private entities acting under color of state law).

Next, plaintiff's claim for damages under § 1983 against defendant Ford appears to rest only on her supervisory authority, thus this claim is subject to being summarily dismissed as well because plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976). To withstand dismissal of this defendant, the complaint must state specific factual allegations that make a legal claim for relief plausible. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007).

And even if plaintiff were to surmount these difficulties, plaintiff's allegations of negligence in the maintenance of kitchen equipment would not be sufficient to establish a claim for relief under § 1983. A negligent act of an official causing injury to

life, liberty, or property does not violate the United States Constitution.  *Daniels v. Williams*, 474 U.S. 327, 328-31 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).  *See Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir.1992)("negligence and gross negligence do not give rise to section 1983 liability").

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under § 1983 against either named defendant.  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

Plaintiff's renewed motion for appointment of counsel is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted, and that payment of the remainder of the $350.00 district court filing fee proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's renewed motion for appointment of counsel (Doc. 8) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief against defendants.

**IT IS SO ORDERED.**

DATED:  This 10th day of January 2012 at Topeka, Kansas.

                                               s/ Sam A. Crow
                                               SAM A. CROW
                                               U.S. Senior District Judge