IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,
aka SHAMVOY SMITH

                        Plaintiff,

        v.                                CASE NO. 11-3085-SAC

ARAMARK CORPORATION, et al.,
                        Defendants.


                        O R D E R

    Plaintiff is a Maryland prisoner seeking relief under 42 U.S.C.
§ 1983 on allegations related to his confinement in a Kansas
correctional facility pursuant to an Interstate Corrections Compact.
He proceeds pro se and in forma pauperis in this action.

    By an order dated January 10, 2012, the court directed
plaintiff to show cause why the complaint should not be summarily
dismissed as stating no claim for relief against the named
defendants.  28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b).

    In response, plaintiff submitted motions titled as "Motion for
Denial of Defense Motion for Summary Judgment" and "Motion for
Summary Judgment," each with a supporting memorandum.[1]  The court

---

[1]Plaintiff also filed a third motion for appointment of
counsel.  In support of this renewed request, plaintiff cites only
the court's finding that plaintiff was indigent and unable to pay
the district court filing fee.  Plaintiff has no right to the
assistance of counsel in this civil action, even if granted in forma
pauperis status.  *Durre v. Dempsey*, 869 F.2d 543, 647 (10th
Cir.1989).  Having reviewed petitioner's claims, his ability to
present said claims, and the complexity of the legal issues
involved, the court continues to find the appointment of counsel in
this matter is not warranted.  *See Long v. Shillinger*, 927 F.2d 525,
526-27 (10th Cir.1991)(factors to be considered in deciding motion
for appointment of counsel).

has not ordered service of process on any defendant in this matter, thus plaintiff's motions as titled are clearly premature and denied without prejudice.

Even if these pro pleadings are liberally construed as encompassing plaintiff's response to the show cause order, the court remains convinced the complaint should be summarily dismissed.

Plaintiff cites being injured during kitchen duty when hot oatmeal bubbled into his eye, and claims this accident resulted from a faulty gauge that Aramark was continually servicing without properly fixing the problem. Plaintiff attempts to expand his allegations to broadly contend that Aramark has a cost cutting practice of not fixing faulty equipment, and that Aramark was responsible for defendant Ford who was the food service officer at the correctional facility. These expanded allegations of "gross negligence" and supervisory liability, however, are insufficient to state a plausible constitutional claim against either defendant.

Plaintiff also now alleges defendant Ford refused to allow plaintiff to be reassigned to kitchen duty after medical treatment had resolved plaintiff's eye injury, and contends this decision wrongfully denied him a higher paying work assignment. Even if plaintiff's exhaustion of administrative remedies could be assumed on this new allegation, no cognizable claim for relief is presented against defendant Ford because the United States Constitution does not create a property or liberty interest in prison employment, *see Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986), and no such interest arises from Kansas law, *see Turner v. Maschner*, 11

2

Kan.App.2d 134, *rev. denied* (1986).  Moreover, the deprivation plaintiff alleges to have suffered is insufficient to plausibly entail "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" for purposes of establishing a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).

Accordingly, for the reasons stated herein and in the show cause order entered on January 10, 2012, the court concludes the complaint should be dismissed as stating no claim upon which relief can be granted under § 1983 against either defendant.

IT IS THEREFORE ORDERED that plaintiff's motions (Docs. 11, 13, and 16) are denied without prejudice.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief against any defendant.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2012 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge